**NOT FOR PUBLICATION**

**FILED**
JAMES J. WALDRON, CLERK

**SEPT. 22, 2009**

U.S. BANKRUPTCY COURT
NEWARK, N.J.
BY: s/ Ronnie Plasner, DEPUTY

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In Re:<br><br>**ZAKARIA BAKKAR,**<br><br>                                  Debtor. | Case No.:  08-22105 (DHS)<br><br>Adv. No.:  08-02311 (DHS)<br><br>Judge: Donald H. Steckroth, U.S.B.J. |
| **LISA BARNES,**<br><br>                                  Plaintiff,<br><br>      v.<br><br>**ZAKARIA BAKKAR,**<br><br>                                  Defendant. | |

**OPINION**

**APPEARANCES:**

Lisa Barnes
3049 Chestnut Street
Pottsville, Pennsylvania  17901
*Plaintiff Pro Se*

The Kridel Law Group
James A. Kridel, Esq.
1035 Route 46 East, Suite B-204
Clifton, New Jersey  07013
*Counsel for Defendant*

**THE HONORABLE DONALD H. STECKROTH, BANKRUPTCY JUDGE**

Before the Court is the trial of an adversary complaint objecting to the discharge of a debt owed by the Debtor, Zakaria Bakkar ("Debtor"), to Plaintiff, Lisa Barnes ("Plaintiff"), who appeared pro se. The debt stems from a $125,000.00 Judgment of Divorce in favor of the Plaintiff in the Superior Court of New Jersey, Chancery Division, Family Part Passaic County, Docket No. FM-16-421-07, entered March 27, 2007 ("Judgment of Divorce").

The Debtor filed for relief under Chapter 7, Title 11, of the United States Code, on June 30, 2008. Subsequent to the Petition, the Plaintiff filed this adversary complaint asking the Court to hold that the debt owed to her is non-dischargeable. The Debtor asks the Court to dismiss the Plaintiff's adversary complaint and seeks attorney fees and costs.

The Court has jurisdiction over this motion pursuant to 28 U.S.C. § 1334 and the Standing Order of Reference from the United States District Court for the District of New Jersey dated July 23, 1984. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I). Venue is proper under 28 U.S.C. §§ 1408 and 1409. The following shall constitute the Court's findings of fact and conclusions of law as required by Federal Rule of Bankruptcy Procedure 7052. For the reasons stated hereafter, the Plaintiff's adversary complaint is hereby dismissed.

**Statement of Facts and Procedural History**

**A.     Plaintiff's Statement of Facts**

Plaintiff states she and the Debtor were religiously married during a ceremony at Omar Mosque, in Paterson, New Jersey on July 7, 2004. Trial Tr. 5:6-12, 9:20-22 (July 16, 2009). A marriage certificate was signed by all parties who witnessed the ceremony. Trial Tr. 5:19-23. The Plaintiff was unable to obtain a copy of the marriage certificate from either the Debtor or the official

who performed the ceremony and no certification to that effect was introduced into evidence at the trial. Trial Tr. 11:3-6. At no time before or after the wedding did the Plaintiff obtain a marriage license. Trial Tr. 47:11-16. The Plaintiff and Defendant lived together for a period of approximately two years. Trial Tr. 43:24-44:5. During the cohabitation period, the Plaintiff obtained a Saudi Arabian visa that named the Debtor as her guardian. Trial Tr. 18:9-16. The Plaintiff testified that such visa is only made available to women if they are married. Trial Tr. 21:5-8.

On March 27, 2007, a Final Default Judgment of Divorce was granted to the Plaintiff by the Superior Court of New Jersey, Chancery Division, Family Part Passaic County. Trial Ex. P-1 The Judgment of Divorce terminated the cohabitation agreement between the Plaintiff and the Debtor and awarded the Plaintiff $125,000.00. *Id.* The default judgment was awarded based on the Plaintiff's substantiation of her damages. *Id.*

**B.    Debtor's Disputed and Additional Facts**

The Debtor testified he and Plaintiff never married, that no marriage ceremony ever took place between the Plaintiff and himself and thus no marriage license was ever issued. Trial Tr. 55:5-10. Additionally, the Debtor testified that the Plaintiff's visa listed him as her guardian because she filled it in herself and that many women who use his travel agency claim that he is married to them so that they can gain entrance into Saudi Arabia, which will only grant a visa to married women. Trial Tr. 58:4-15.

## Discussion

The issue before the Court is whether Plaintiff's $125,000.00 judgment is owed to the Debtor's former spouse as required within Section 523(a)(15) of the Bankruptcy Code. As amended in 2005, the statute provides:

> (a) a discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt–
>
> (15) to a spouse, former spouse, or child of the debtor and not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separate agreement, divorce decree or other order of a court of record, or a determination made in accordance with state or territorial law by a governmental unit.

11 U.S.C. § 523(a)(15). The Plaintiff contends that her Judgment of Divorce is non-dischargeable because it evidences a domestic support obligation under 11 U.S.C. § 523(a)(15). Trial Tr. 70:5-9. The Debtor argues that the Plaintiff is not a former spouse of the Debtor because they were not legally married. Trial Tr. 6:23-7:6.

**A.     Spousal Requirement**

Although there is no definition of "spouse" in the Bankruptcy Code, the definition implies that a spouse is someone who is a husband or a wife. Congress has defined spouse to refer "only to a person of the opposite sex who is a husband or wife." 1 U.S.C. § 7. New Jersey has followed this definition in three separate statutes. Spouse is defined as "husband or wife, or domestic partner" in New Jersey statutory sections 18A:66-2(x)(1), 43:16A-1(31)(a), and 43:6A-3(v). Furthermore, section 18A:12-23 defines spouse as "the person to whom [one] is legally married under New Jersey law." Plaintiff contends that she proved she was married to the Debtor in the Superior Court of New Jersey and was given the Judgment of Divorce in reliance on those proofs. Trial. Tr. 70:10-17. The

Court does not question the validity of the Judgment of Divorce the Plaintiff was awarded. However, the issue is whether the Judgment of Divorce itself is conclusive evidence that Plaintiff was married to the Debtor, since no marriage certificate or license was introduced at trial.

The Judgment of Divorce states that the Plaintiff "pleaded and proved a cause of action for palimony under New Jersey Law." Final J., *Barnes v. Bakkar*, N.J. Super. Ct. Ch. Div., Docket No. FM-16-421-07, Trial Ex. P-1. Palimony is a common law creation, which New Jersey first recognized as a cause of action in *Kozlowski v. Kozlowski*, 80 N.J. 378, 403 A.2d 902 (1979). *Kozlowski* held that it is possible to enforce contracts between a man and a woman who were not married to one another, but nonetheless lived together. *Id*. at 386. Subsequent decisions have expanded on this doctrine and developed the current elements needed to prove a cause of action for palimony.

> In order to establish a prima facie case for palimony, a plaintiff must present competent evidence showing: (1) that the parties cohabitated;[1] (2) in a marriage-type relationship; (3) that, during this period of cohabitation, defendant promised plaintiff that he/she would support for life; and (4) that this promise was made in exchange for valid consideration.

*Connell v. Diehl*, 397 N.J. Super. 477, 494, 938 A.2d 143, 149 (App. Div. 2008) (quoting *Levine v. Konvitz*, 383 N.J. Super. 1, 3, 890 A.2d 354 (App.Div. 2006)). As noted above, this Court does not question the validity of the Judgment of Divorce, nor will the Court determine if the Plaintiff provided competent evidence to prove all four elements listed above. What the elements show, however, is that the movant is not required to prove a valid New Jersey marriage existed in a cause of action for palimony. On the contrary, the case law on the subject merely requires a showing of

---

[1] The element of cohabitation has recently been overruled, but it is not relevant to the scope of this Opinion, since the parties agreed they cohabitated for a given period.

a "marriage-type relationship."  *See Id.*; *Devaney v. L'Esperance*, 195 N.J. 247, 949 A.2d 743, 752 (N.J. 2008); *Bayne v. Johnson*, 403 N.J. Super. 125, 139, 957 A.2d 707, 715 (App. Div. 2008). Here, the Judgment of Divorce does not prove that the Plaintiff and the Debtor were married, simply that the Plaintiff pled and proved that there existed a marriage-type relationship.

A marriage license is necessary to perform a lawful marriage in New Jersey.  To prove marriage under New Jersey law, one needs to substantiate that a marriage license was issued. N.J.S.A. 37:1-2.  In fact, it is clear that the obtaining of a marriage license is a prerequisite to a valid marriage in New Jersey.  N.J.S.A. 37:1-10.  The relevant statutory language reads:

> [N]o marriage contracted on and after December first, nineteen hundred and thirty-nine, shall be valid unless the contracting parties shall have obtained a marriage license as required. . . and unless, also, the marriage, after license duly issued therefor, shall have been performed by or before any person, religious society, institution or organization authorized by section 37:1-13 of this Title to solemnize marriages; and <u>failure in any case to comply with both prerequisites aforesaid, which shall always be construed as mandatory and not merely directory, shall render the purported marriage absolutely void.</u>

*Id.* (emphasis added)  Here, the Plaintiff repeatedly testified that she had not obtained a marriage license.  Trial Tr. 34:7-12, 37:2-6, 37:21-24.

In *Yaghoubinejad v. Haghighi*, the New Jersey Appellate Division held that a ceremonial marriage is completely void in the absence of a marriage license.  384 N.J. Super 339, 344, 894 A.2d 1173, 1176 (2006 N.J. Sup. Ct. App. Div.).  The plaintiff and defendant in *Yaghoubinejad* had a religious ceremony and a certificate was signed by the official who solemnized the marriage.  *Id.* at 340, 894 A.2d at 1173.  When the plaintiff filed for divorce, the court required that she produce evidence of a legal marriage.  *Id.*  In its analysis, the court relied on the New Jersey Supreme Court and found that "'[i]t is axiomatic that a void act has no validity from the beginning, and this is *a*

7

*fortiori* true where an act is declared "absolutely void" by a mandatory command of a statute.'" *Id.* at 342, 894 A.2d at 1174 (quoting *Dacunzo v. Edgye*, 19 N.J. 443, 450, 117 A.2d 508 (1955)).

In the case at bar, the Plaintiff did not and cannot produce a marriage license. She testified that she and the Debtor had a religious marriage and that a marriage certificate was signed at the Mosque to solemnize the wedding. Trial Tr. 5:6-23. Even if the Court determines this to be true, evidence of this nature does not overcome the fact that a marriage license is required to be legally married in New Jersey. While the testimony that she is required to be married in order to obtain a visa to enter Saudia Arabia may have helped her prove her cause of action for palimony, it does not prove to this Court that a legal marriage existed between the parties.

Palimony judgments have been part of the common law since 1976. *See Marvin v. Marvin*, 18 Cal.3d 660, 557 P.2d 106 (Cal. 1976). However, when the Bankruptcy Code was amended in 2005, Congress did not add these judgments to the list of non-dischargeable debts. When section 523(a)(15) was amended in 2005, the language "owed to a spouse, former spouse or a child of the debtor" was added. *See* H.R. Rep. No. 109-31, pt. 1, at 61 (2005). The Court has no choice but to make the determination that the Plaintiff and the Debtor were never legally married under the law of New Jersey and the Plaintiff, therefore, cannot be considered a former spouse of the Debtor. Section 523(a)(15) is clear that to be non-dischargeable, a debt must be owed to a spouse or former spouse, which the Plaintiff is not. Accordingly, the debt set forth in the Judgment is dischargeable.

**Conclusion**

The Plaintiff's adversary complaint is hereby dismissed and the debt set forth in the Judgment is deemed dischargeable. The Debtor's claim for attorney fees and costs is denied. An Order in conformance with this Opinion has been entered by the Court and a copy attached.

*/s / Donald H. Steckroth*
_____
DONALD H. STECKROTH
UNITED STATES BANKRUPTCY JUDGE

Dated: September 22, 2009